IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| SIDNEY R. WILLIAMS, # 58494-177,         )<br>            Plaintiff,        )<br>vs.                        )<br>                            )<br>JEREMY WASHINGTON,               )<br>            Defendant.        ) | <br><br>No. 3:21-CV-0552-B-BH<br><br><br>Referred to U.S. Magistrate Judge[1] |

FINDINGS, CONCLUSIONS AND RECOMMENDATION

Based on the relevant filings and applicable law, the plaintiff's federal claims should be *sua sponte* **DISMISSED** with prejudice for failure to state a claim.

I.  BACKGROUND

Sidney R. Williams (Plaintiff), a federal inmate incarcerated in the Fort Worth Medical Center, brings this civil rights lawsuit under 42 U.S.C. § 1983 against Jeremy Washington (Defendant), the owner of his prior employer, Front-line Protective Services. (*See* doc. 2 at 3, 14; doc. 7 at 5.)  He contends that Defendant hired him as a Level II security guard, placed him in high risk posts despite being an unarmed guard, and repeatedly told him that he was authorized to work high risk locations and that it was legal to wear body armor. (*See* doc. 2 at 4-6, 14; doc. 7 at 2-4.) Plaintiff claims as a result, he was arrested for unlawful possession of body armor by a felon on March 5, 2019. (*See id.*)  He claims that Defendant endangered his life, defrauded him, and caused him to lose his liberty, and he seeks punitive damages in the amount of $120,000. (*See* doc. 2 at 3-4; doc. 7 at 2-4, 8.)  Plaintiff concedes that Defendant is not a state actor. (*See* doc. 7 at 5, 7.)

II.  PRELIMINARY SCREENING

Because he is a prisoner, Plaintiff's complaint is subject to preliminary screening under 28

---

[1] By *Special Order No. 3-251*, this pro se prisoner case has been automatically referred for judicial screening.

U.S.C. § 1915A. *See Martin v. Scott*, 156 F.3d 578, 579-80 (5th Cir. 1998) (per curiam). Because he is proceeding *in forma pauperis*, his complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2)(B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if it is found to be frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). To avoid dismissal for failure to state a claim, plaintiffs must allege facts sufficient to "raise the right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Mere "labels and conclusions" nor "a formulaic recitation of the elements of a cause of action" suffice to state a claim upon which relief may be granted. *Id.*

### III.  SECTION 1983

Plaintiff specifically sues Defendant under § 1983. It "provides a federal cause of action for the deprivation, under color of law, of a citizen's 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Livadas v. Bradshaw*, 512 U.S. 107, 132 (1994). To state a claim under § 1983, a plaintiff must allege facts that show (1) he has been deprived of a right secured by the Constitution and the laws of the United States and (2) the deprivation occurred under color of state law. *See Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978); *Cornish v. Corr. Servs. Corp.*, 402 F.3d 545, 549 (5th Cir. 2005).

Here, in none of his filings[2] does Plaintiff allege any facts showing that Defendant is a state actor; he concedes that Defendant is not a state actor. A private party may be acting "under color of state law" and be held liable under § 1983 in certain circumstances, however. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 152 (1970); *Wong v. Stripling*, 881 F.2d 200, 202 (5th Cir.1989). In *Priester v. Lowndes Cty.*, 354 F.3d 414 (5th Cir. 2004), *cert. denied*, 543 U.S. 829 (2004), the Fifth Circuit explained that "[f]or a private citizen . . . to be held liable under section 1983, the plaintiff must allege that the citizen conspired with or acted in concert with state actors." *Id*. at 420 (citing *Mylett v. Jeane*, 879 F.2d 1272, 1275 (5th Cir. 1989) (per curiam)). A plaintiff must allege: (1) an agreement between the private and public defendants to commit an illegal act and (2) a deprivation of constitutional rights. *Priester*, 354 F.3d at 420; *see also Avdeef*, 616 F. App'x at 676. Allegations that are merely conclusory, without reference to specific facts, will not suffice. *Id*. (citing *Brinkmann v. Johnston*, 793 F.2d 111, 113 (5th Cir. 1986) (per curiam)). Here, Plaintiff makes no allegations at all that would support any finding of an agreement between Defendant and a state actor.

Because he fails to state a plausible claim upon which relief may be granted against Defendant, Plaintiff's § 1983 claims against him should be dismissed for failure to state a claim.

## IV.  OPPORTUNITY TO AMEND

Notwithstanding their failure to plead sufficient facts, the Fifth Circuit is inclined to give *pro se* plaintiffs several opportunities to state a claim upon which relief can be granted. *See Scott v. Byrnes*, No. 3:07-CV-1975-D, 2008 WL 398314, at *1 (N.D. Tex. Feb. 13, 2008); *Sims v. Tester*, No. 3:00-CV-0863-D, 2001 WL 627600, at *2 (N.D. Tex. Feb. 13, 2001). Courts therefore typically

---

[2] The plaintiff's answers to a magistrate judge's questionnaire constitute an amendment to his complaint. *See Macias v. Raul A. (Unknown), Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

3

allow *pro se* plaintiffs to amend their complaints when the action is to be dismissed pursuant to a court order. *See Robinette v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, No. 3:96-CV-2923-D, 2004 WL 789870, at *2 (N.D. Tex. Apr. 12, 2004); *Sims*, 2001 WL 627600, at *2. A *pro se* plaintiff may also obtain leave to amend his complaint in response to a recommended dismissal. *See Swanson v. Aegis Commc'ns Grp., Inc.*, No. 3:09-CV-0041-D, 2010 WL 26459, at *1 (N.D. Tex. Jan. 5, 2010); *Scott*, 2008 WL 398314, at *1. Nonetheless, a court may appropriately dismiss an action with prejudice without giving an opportunity to amend if it finds that the plaintiff has alleged his or her best case. *Jones v. Greninger*, 188 F.3d 322, 327 (5th Cir. 1999)

Here, an opportunity to amend is not warranted because Plaintiff has amended his complaint twice and submitted lengthy answers to detailed questions in response to a questionnaire, but still failed to either state a claim or asserts claims that are barred by limitations or immunity. Because it appears that he has alleged his best case, and no further opportunity to amend his claims appears warranted.

## V. RECOMMENDATION

The plaintiff's complaint should be **DISMISSED with prejudice** under 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim. This dismissal will count as a "strike" or "prior occasion" within the meaning 28 U.S.C. § 1915(g).[3]

---

[3] Section1915(g), which is commonly known as the "three-strikes" provision, provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section, if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

4

**SO ORDERED this 4th day of August, 2022.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE